## Case No. 10,632.

### In re OWENS.

[6 Biss. 432;[1] 12 N. B. R. 518: 7 Chi. Leg. News, 371; 1 N. Y. Wkly. Dig. 175.]

District Court, D. Indiana. Aug., 1875.

#### EXEMPTIONS—COSTS.

1. A debtor is entitled to the full benefit of the exemptions allowed by the bankrupt act [of 1867 (14 Stat. 517)], even though an execution had become a perfected lien upon his property before the filing of the petition.

[Cited in brief in Wooster v. Bullock, 52 Vt. 51.]

2. In Indiana a judgment for the costs of the opposite party is not a debt growing out of a contract, express or implied, and as against such costs the statute does not allow exemptions.

Motion to set aside the exemptions allowed by the assignee.

Jesse A. Mitchell and Alexander Reid brought an action of replevin in the Lawrence circuit court against John Owens, to recover the possession of certain personal property. The property was delivered to the plaintiffs on their executing the usual bond, and on the 18th day of February, 1874, the cause was tried and the court found that the title to the property was in the plaintiffs, and gave them judgment for one cent damages for its unlawful detention, and $1,216 for costs. On the 26th day of October, 1874, an execution issued on this judgment, which, at 9 o'clock in the forenoon of the same day, came into the hands of the sheriff, and at 3 o'clock in the afternoon of the same day was levied upon all the property of the defendant. At 7 o'clock in the afternoon of the same day John Owens filed his petition in bankruptcy, upon which he was adjudged a voluntary bankrupt before Register Butler. Subsequently, upon a proper showing, the sheriff was enjoined from proceeding to sell the said property so levied upon, and the same was restored to the possession of the said John Owens, upon his executing the proper bond. Afterwards, part of this property, amounting to $498, was set apart and exempted to the said John Owens, under the $500 clause of section fourteen of the bankrupt act, and another part of the same property, of the value of $300, was also set apart as exempt from sale on execution by the laws of this

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

state. During all this time, and at the date of this decision, the said John Owens was a resident householder of Indiana.

Francis Wilson, for Mitchell and Reid.
Alexander Dowling, for bankrupt.

GRESHAM, District Judge. Section 413 of the Indiana Code enacts that: "When an execution against the property of any person is delivered to an officer to be executed, the goods and chattels of such person within the jurisdiction of the officer, shall be bound from the time of delivery." 2 Gavin & H. St. Ind. 232. Section 22 of article 1 of the constitution of Indiana reads as follows: "The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." 1 Gavin & H. St. Ind. 32.

To carry this provision of the constitution into effect, the legislature passed an act, the first section of which reads as follows: "That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt, growing out of or founded upon a contract express or implied, after the fourth day of July, 1852." 2 Gavin & H. St. Ind. 368.

It is claimed that under the facts in this case the exemptions made by the assignee were unauthorized. The household and kitchen furniture, and other articles and necessaries set apart to Owens were not unreasonable, if he was entitled to an exemption under the $500 clause of the act.

Laws exempting reasonable portions of the debtor's property from execution and sale, properly relate to the remedy, and are therefore liable to no constitutional objection. Bronson v. Kinzie, 1 How. [42 U. S.] 311. It would be difficult at this age of the world, to find a civilized community without such regulations. Sometimes more is exempted, sometimes less, according to prevailing ideas of policy and humanity.

Each state may enact such reasonable laws as it sees fit, regulating the remedy on contracts in its own courts. A state may not, however, render the remedy valueless by exemptions having no reference to the nature and amount of the debtor's property, or by burdening it with conditions and restrictions. Such laws would be held to violate that part of section 10, article 1, of the constitution of the United States, which prohibits to the states the power to enact laws impairing the obligation of contracts. Bronson v. Kinzie, supra; Green v. Biddle, 8 Wheat. [21 U. S.] 1. But it has been repeatedly held that there is nothing in the constitution of the United States which forbids congress to pass laws impairing the obligation of contracts, although that power is denied to the states. And it is no longer controverted that congress may, by the enactment of a uniform bankrupt law, discharge debtors entirely from the obligations of their contracts. The constitution having conferred the power to enact such laws, it is in the discretion of congress to exempt such portions and kinds of the debtor's property as may be thought necessary to protect him and his family from want and distress. And regulations of this kind may be modified from time to time, as experience demonstrates the necessity for change, and these modifications made applicable alike to past and future contracts, and rights already vested, as well as those to vest in the future. It must therefore be held, that when the creditor acquires rights, as by judgment or execution liens, such as are claimed in this instance, he does so knowing that the privilege of the debtor to claim the exemptions allowed by the statute remains unimpaired, in the event of his being adjudged a bankrupt.

As to the other branch of the case, it is clear that the statute of the state allows no exemption against a debt or demand not growing out of contract. Against a judgment for damages, in an action of replevin, it is equally clear that the benefit of the statute cannot be claimed. The question arises then, do the costs partake of the nature of the judgment as a mere incident? At common law no costs were allowed to either party. The statute allows the prevailing party to recover his own costs, on the theory that he has already paid them. But each party is ultimately liable to the officers and witnesses for such costs as he makes, and if he is not required to pay as he goes, it is on an implied assumpsit that he will pay his own costs if he does not succeed in the action, or if he succeeds and his adversary is not good for them. Thus far it would seem that costs are "a debt growing out of or founded on contract." But I am unable to see on what ground the unsuccessful party can be said to have promised to pay the costs of his adversary. It is sometimes the case that after a return of nulla bona on an execution against the unsuccessful party in an action of tort, a fee bill issues against the prevailing party for his own costs. In such a case I can see no good reason why the benefit of the statute might not be claimed against a fee bill thus issued as "final process from a court for a debt growing out of or founded on contract." I have not been able to find a ruling of the supreme court of Indiana on this question.

I think Owens is entitled to the $498 worth of property set apart to him as above stated, notwithstanding the lien of the execution had attached before the proceedings in bankruptcy were commenced. He is also entitled to the other items, amounting to

$300, exempted to him under the statute of the state, if there is anything left of his property after paying the costs made by the plaintiffs.